# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| WINTER A., | No. 5:25-cv-02016-AYP |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| FRANK BISIGNANO, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Winter A.[1] seeks review of the Commissioner's decision finding that her disability ended and that she was no longer entitled to supplemental security income under Title XVI of the Social Security Act. (Dkt. No. 1.) The parties consented to proceed before the magistrate judge and thereafter filed briefs addressing the disputed issues. (Dkt. Nos. 6, 7, 12, 13, 15.) The Court took the matter under submission without oral argument. For the reasons discussed below, the Court finds that the Commissioner's decision should be

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

affirmed.

## I.     BACKGROUND

On September 12, 2014, an application for supplemental security income was filed on Plaintiff's behalf. (Administrative Record ("AR") 138.) In a May 8, 2015 determination, the Social Security Administration ("SSA") found Plaintiff disabled as of the application date because her asthma met childhood medical listing 103.03B.[2] (AR 111-18.)

In 2018, the SSA initiated a continuing disability review and determined that Plaintiff, then age twelve, was no longer disabled as of May 1, 2018. (AR 120-30.) That determination was upheld on reconsideration, after which Plaintiff requested a hearing before an administrative law judge ("ALJ"). (AR 132-33, 206-08.) The ALJ held a hearing on February 1, 2022, and thereafter issued a decision on March 30, 2022, finding that Plaintiff was no longer disabled. (AR 65-92, 135-57.) The Appeals Council subsequently remanded the matter for further proceedings to address the opinion evidence and the standards applicable after Plaintiff attained age eighteen. (AR 160-61.) Plaintiff appeared with counsel at a second hearing on June 4, 2024, at which a vocational expert ("VE") also testified. (AR 43-64.) On June 28, 2024, the ALJ issued the decision now under review. (AR 11-42.)

Because Plaintiff turned eighteen before the ALJ issued the June 28, 2024 decision, the ALJ was required to evaluate her claim under both the childhood and adult standards. For the period before Plaintiff turned eighteen, the ALJ applied the three-step evaluation process governing childhood continuing

---

[2] At the time of that decision, Listing 103.03B generally required asthma attacks of qualifying frequency and severity despite prescribed treatment. *See* 20 C.F.R. pt. 404, subpt.P, app. 1 § 103.03B (2015).

disability reviews.[3] (AR 19-28.) In doing so, the ALJ compared Plaintiff's current condition to the May 8, 2015 comparison point decision ("CPD"), the most recent favorable determination finding Plaintiff disabled. (AR 19-20.) The ALJ found that medical improvement had occurred as of May 1, 2018, and that Plaintiff continued to have severe impairments of asthma and eczema. (AR 20.) The ALJ further found that those impairments no longer met or medically equaled childhood Listing 103.03B and did not otherwise meet, medically equal, or functionally equal a listed impairment. (AR 19-28.)

For the period after Plaintiff turned eighteen, the ALJ applied the five-step evaluation process applicable to adult disability claims.[4] (AR 28-31.) The ALJ found that Plaintiff continued to have severe impairments of asthma and eczema, but determined that, despite those impairments, she retained the residual functional capacity ("RFC") to perform work at all exertional levels, except that she must avoid all pulmonary irritants and skin allergens. (AR 28.) Based on the VE's testimony, the ALJ found that Plaintiff had no past relevant work but could perform jobs existing in significant numbers in the national economy, such as dining room attendant, warehouse worker, and ticket taker. (AR 31-32.) The ALJ concluded that Plaintiff was not disabled under the adult

---

[3] The ALJ determines continuing disability for a child using a three-step evaluation process, which examines whether (1) there has been medical improvement in the impairment(s) present at the comparison point decision, (2) the impairment(s) still meet, medically equal, or functionally equal the listing that supported the prior finding of disability, and (3) the claimant remains disabled under the current childhood standards, including whether the impairment(s) meet, medically equal, or functionally equal a listed impairment. 20 C.F.R. § 416.994a(b).

[4] The ALJ determines disability using a five-step sequential evaluation process, which examines whether (1) the claimant engaged in substantial gainful activity, (2) the claimant has one or more severe impairments, (3) the impairment(s) meet or equal a listed impairment, (4) the claimant is able to do past relevant work, and (5) the claimant is able to do any other work. 20 C.F.R. § 416.920(a)(4).

3

disability standards.  (AR 32.)

On August 19, 2024, Plaintiff filed a request with the Appeals Council for review of the ALJ's decision.  (AR 488.)  The Appeals Council subsequently denied Plaintiff's request for review.  (AR 1-6.)

## II.     STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is supported by substantial evidence and whether the proper legal standards were applied.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995).  "Substantial evidence" is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citations omitted).  In determining whether substantial evidence supports the ALJ's findings, the Court must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion.  *Ahearn v. Saul*, 988 F.3d 1111, 1115-16 (9th Cir. 2021).  When the evidence can rationally be interpreted in more than one way, the Court must uphold the Commissioner's decision.  *Id.*; *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016).

## III.    DISCUSSION

Plaintiff raises a single claim, specifically that the ALJ failed to provide legally sufficient reasons for discounting her subjective symptom testimony concerning the frequency and severity of her asthma.  (Dkt. No. 12 at 4-7.)

When a claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the alleged symptoms, and there is no affirmative evidence of malingering, an ALJ may reject the claimant's testimony regarding the severity of those symptoms only by providing specific, clear and convincing reasons supported by substantial

4

evidence.[5] *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014). General findings are insufficient; rather, the ALJ must specifically identify the testimony being discounted and explain what evidence undermines it. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 493-94 (9th Cir. 2015). Although an ALJ need not discuss every piece of evidence or draft a "line-by-line exegesis" of the record, the Court must be able to follow the ALJ's reasoning and determine that the claimant's testimony was not arbitrarily discredited. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020); *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (clear and convincing standard requires ALJ to "show his work").

Here, Plaintiff alleged that she was unable to work due to asthma. (AR 47, 50-51, 54.) She testified that she suffered severe episodes approximately two to four times per month, and that they could happen unpredictably even when she was otherwise having a "good day." (AR 51-52, 54-55.) She further stated that flare-ups could be triggered by cold weather, scents, and other irritants and would cause symptoms including sneezing, wheezing, shortness of breath, and trembling. (AR 50-51, 57.) Plaintiff also stated that her asthma exacerbations could require prolonged breathing treatments, emergency-room visits, or overnight hospitalizations, and that she often would feel tired the next morning after an episode. (AR 50, 54-55). According to Plaintiff, she continued to experience symptoms despite taking daily medication and treatments. (AR 54-55).

In the decision, the ALJ discounted Plaintiff's subjective symptom allegations based on the objective medical evidence and the treatment evidence.

---

[5] The Court need not decide the standard governing an ALJ's evaluation of subjective symptom allegations for the period before Plaintiff turned eighteen. Even assuming the clear-and-convincing standard cited by Plaintiff applies, Plaintiff's challenge fails for the reasons discussed below.

(AR 20-31.)  As discussed below, the ALJ's stated rationales were specific, clear, and convincing reasons supported by substantial evidence.  *See Treichler*, 775 F.3d at 1102.

First, the ALJ cited the objective medical findings.  (AR 20-31.)  Although objective medical evidence cannot be the sole basis for discounting a claimant's subjective symptom allegations, it remains a relevant consideration in evaluating those symptoms.  *See* Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at \*5; *see also Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).  Here, the record repeatedly reflected normal oxygen saturation, normal or only mildly elevated respiratory rates, nonlabored respirations, and no acute distress, including during treatment for exacerbations.  (AR 1152, 1165, 1270, 1296-97, 1300, 1302, 1428, 1439, 1442, 1447, 1462, 1596-97, 1604-06, 1651.)  Treatment notes also frequently described Plaintiff's asthma as mild and intermittent and otherwise documented benign pulmonary findings between flare-ups.  (AR 1176, 1283, 1285, 1287, 1291, 1295, 1297, 1301, 1303, 1540, 1549, 1558, 1680.)  In addition, the state agency medical consultant, who provided the only medical opinion in the record, reviewed the medical evidence, found that Plaintiff's asthma was non-severe, and assessed no functional limitations.  (AR 124.)  On this record, the ALJ reasonably concluded that the objective medical evidence did not substantiate Plaintiff's allegations of frequent and disabling asthma symptoms.  *See Ahearn v. Saul*, 988 F.3d 1111, 1115-16 (9th Cir. 2021) (where evidence is susceptible to more than one rational interpretation, the court must uphold the ALJ's conclusion).

Second, the ALJ cited Plaintiff's treatment history.  (AR 20-31.)  Evidence of conservative or routine treatment, improvement with treatment, and the frequency or intensity of medical care may properly be considered in evaluating a claimant's subjective symptom allegations.  *See* Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at \*9; *see also Tommasetti v. Astrue*, 533 F.3d 1035,

1040 (9th Cir. 2008).  Here, the record reflects intermittent treatment for asthma exacerbations, including several emergency-room visits during the relevant period, but it does not document treatment at the frequency alleged by Plaintiff.  When Plaintiff sought acute care, treatment generally consisted of nebulizer treatments, inhalers, and short steroid courses, after which her symptoms improved and she was discharged home.  (AR 1153, 1347, 1429, 1488, 1607-08, 1646, 1680.)  Treatment notes otherwise reflect routine follow-up care and medication refills; contrary to Plaintiff's allegations, they do not show prolonged hospitalizations or escalating intervention.  (AR 1293-97, 1302-03, 1542-49, 1558.)  Accordingly, the ALJ reasonably concluded that Plaintiff's treatment history was inconsistent with her allegations of frequent and disabling asthma symptoms.

In sum, the ALJ provided specific, clear, and convincing reasons for discounting Plaintiff's subjective symptom allegations, and substantial evidence supports the ALJ's evaluation of that testimony.  Thus, remand is not warranted on this claim.

**IV.    ORDER**

For the foregoing reasons, IT IS ORDERED that the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED:  May 6, 2026

_____
ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE

7